UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA,
MIAMI DIVISION

REBECCA CARLSON,

    Plaintiff,

vs.                                        CASE NO.:

ROYAL CARIBBEAN CRUISES LTD., A
LIBERIAN CORPORATION d/b/a ROYAL
CARIBBEAN INTERNATIONAL and STEINER
TRANSOCEAN U.S., INC, A FLORIDA CORPORATION

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, REBECCA CARLSON, by and through the undersigned attorney, and sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION (herein after "Royal Caribbean") and STEINER TRANSOCEAN U.S., INC, A FLORIDA CORPORATION (hereinafter "Steiner Transocean") says as follows:

1. This is a cause of action for personal injury damages where the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. At all times material to this complaint, the Plaintiff, REBECCA CARLSON, was a citizen and resident of Lee County, Florida.

3. At all times material to this complaint, the defendant ROYAL CARIBBEAN, was a Liberian Corporation which owned, operated, managed and controlled that certain cruise ship and/or cruise line vessel known as the "Allure of the Seas".

4. At all times material to this complaint, the defendant STEINER TRANSOCEAN was a Florida corporation that provided personnel and/or equipment to the defendant ROYAL CARIBBEAN.

5. At all times material to this complaint, certain rights, responsibilities and duties between the parties to this action were and are governed by that certain ticket contract and/or contract of carriage issued by the defendant ROYAL CARIBBEAN and attached to this complaint as Plaintiff's exhibit #1.

6. The ticket contract and/or contract of carriage (exhibit 1) provides that in an action for personal injury damages, the Plaintiff must file her action in the United States District Court for the Southern District of Florida, Miami Division, to the exclusion of all other forums.

7. Plaintiff has performed all conditions precedent to the maintenance of these causes of actions as against the defendants.

8. On or about March 4, 2015, the Plaintiff, REBECCA CARLSON, was a fare paying passenger aboard the defendant ROYAL CARIBBEAN cruise ship.

9. The Plaintiff and her husband were aboard the defendant's cruise ship from March 1st, 2015 through March 7th, 2015 for a sea cruise in the Caribbean.

10. The defendant, ROYAL CARIBBEAN, provided various services and amenities to the passengers aboard the vessel, including restaurants, beverages, excursions, shopping, casino, spa, and celebration parties. These services and amenities were advertised aboard ship to the passengers including the Plaintiff and her husband.

11. On or about March 4th, 2015, the Plaintiff, REBECCA CARLSON, paid additional monies to Royal Caribbean to utilize the spa services aboard the cruise ship.

12. For a fee paid to ROYAL CARIBBEAN, the Plaintiff, REBECCA CARLSON decided to have a massage at the spa aboard ship.

13. The masseuse and massage equipment were provided by the defendant STEINER TRANSOCEAN to the defendant ROYAL CARIBBEAN.

14. The masseuse and/or spa employee had the Plaintiff lay upon a heated massage table. While plaintiff was on the heated massage table and lying face down during the massage, the masseuse and/or spa employee had control of the heating elements in the massage table.

15. As Plaintiff was undergoing a massage upon the heated massage table, the masseuse operated the massage table in a careless and negligent fashion so that the heat became extreme and the Plaintiff suffered burns to her breast.

16. In the alternative, the massage table and its heating element were defective and/or operated at too high a temperature as to cause bodily injury and damage to the Plaintiff.

17. Plaintiff was burned on the massage table and suffered permanent scaring and disfigurement.

18. At all times material to this complaint, the defendants ROYAL CARIBBEAN and STEINER TRANSOCEAN, their agents and employees, had a duty to use reasonable care in the provision of massage and spa services to the passengers including the Plaintiff.

19. Further still, at all times material to this complaint, the defendants ROYAL CARIBBEAN and STEINER TRANSOCEAN had a duty to operate the heated massage table in a safe fashion and further still had a duty to keep the massage table

in a reasonably safe condition and further a duty to warn passengers including the Plaintiff of dangers caused by the heated massage table of which the defendants, their agents and employees knew or should have known.

20. The defendants, their agents and employees, breached the duties of reasonable care owed to the Plaintiff and were negligent in the following commissions and omissions, actions and/or inactions, as follows:

    A. In allowing the massage table to become so hot that it burned the Plaintiff on her breast; and

    B. In operating the heated massage table in a careless and negligent manner; and

    C. In having a defective and dangerous heated massage table aboard ship; and

    D. In failing to train the masseuse and/or spa employee in proper operation of the heated massage table; and

    E. In failing to inspect and detect the dangerous condition of the heated massage table before directing Plaintiff to lay face down upon it.

21. As a direct and proximate result of the carelessness and negligence of the defendants, their agents and/or employees, the Plaintiff was burned on the heated massage table and suffered bodily injury and resulting pain and suffering, scaring, disfigurement, the expense of medical and hospital care in the past and to be experienced in the future, disability, disfigurement, mental anguish, inconvenience and/or an aggravation of a pre-existing condition and/or latent defect. The damages

and losses as sustained by the plaintiff are permanent and continuing in nature and the plaintiff will continue to suffer such loss and damage into the future.

WHEREFORE the Plaintiff, REBECCA CARLSON, demands judgment against the Defendants, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION d/b/a ROYAL CARIBBEAN INTERNATIONAL and STEINER TRANSOCEAN U.S., INC, for compensatory damages as allowed by law, plus the costs of bringing this action and further demands a TRIAL BY JURY on all issues so triable as a matter of right by a jury.

LAW OFFICE OF JAY CALVERT COOPER, P.A.
P.O. BOX 2649
Fort Myers, Florida 33902
Tel: (239) 931-9995
Fax: (239) 288-5572
Primary Email: jaycooperlaw@gmail.com
Secondary Email: jcalpa@yahoo.com

/s/ Jay Calvert Cooper
BY:   JAY CALVERT COOPER
FLORIDA BAR NO.: 599832